UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEZONIQUE KOWELL
DENISE HOLLINGS,

     Plaintiff,

                                   Case No. 17-13176
v.                                 District Judge Victoria A. Roberts
                                 Magistrate Judge Patricia T. Morris

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. # 20); GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. # 18); AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. #16)**

**I.     INTRODUCTION**

Dezonique Kowell Denise Hollings ("Hollings") appealed the decision of the

Commissioner of Social Security to deny her application for disability insurance benefits.

This matter is before the Court on the parties' cross-motions for summary judgment.

The Court referred those motions to Magistrate Judge Patricia T. Morris. On July 10,

2018, Magistrate Judge Morris filed a Report and Recommendation ("R&R"). In the

R&R, she recommends that the Court grant the Commissioner's Motion for Summary

Judgment and deny Hollings'.

Magistrate Judge Morris found that: (1) the Administrative Law Judge's ("ALJ")

weight assignment to Dr. Everette's opinion was supported by substantial evidence; (2)

the ALJ's credibility determination was supported by substantial evidence; and (3) the

Court should not remand Hollings' case under Sentence Six of 42 U.S.C. § 405(g).

Hollings timely objected. The objections are fully briefed.

The Court **ADOPTS** the Report and Recommendation. The Commissioner's motion

for summary judgment is **GRANTED**; Hollings' motion is **DENIED**.

**II.    DISCUSSION**

This Court engages in *de novo* review of a magistrate judge's Report and

Recommendation on a dispositive motion that is objected to properly. 28 U.S.C. §

636(b)(1). Where a magistrate judge's R&R is objected to, the district court must

conduct a *de novo* review of those portions of the R&R to which an objection has been

made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify, in whole

or in part, the recommendations made by the magistrate judge. 28 U.S.C. §

636(b)(1)(C). After completing a *de novo* review, there is no requirement that the district

court articulate all of the reasons it rejects a party's objections. *Thomas v. Halter*, 131

F.Supp. 2d 942, 944 (E.D. Mich. 2001). After carefully reviewing the cross-motions for

summary judgment, the R&R, Hollings' objections, and the remainder of the record, the

Court agrees with Magistrate Judge Morris' conclusions.

Hollings submitted two objections. Hollings argues that the Magistrate Judge erred in

finding: (1) that the ALJ properly evaluated her IQ scores and whether her impairments

met or equaled Listing 12.05; and (2) that the ALJ's credibility determination was based

on substantial evidence.

**A. Hollings' First Objection is Rejected; the ALJ properly considered Dr. Everette's opinion and IQ testing**

Hollings says that the ALJ impermissibly used childhood IQ scores to discredit Dr. Everette's opinion and testing; she also says that the ALJ impermissibly considered the old IQ scores throughout her entire decision. Hollings is incorrect on both points.

This Court's review of the Commissioner's final decision is limited to determining whether the "Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Sullivan v. Comm'r of Soc. Sec.*, 595 F.App'x 502, 506 (6th Cir. 2014). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

Hollings cites 20 C.F.R. § Pt. 404, Subpt. P, App. 1; she says that it prohibits the ALJ from considering her childhood IQ scores.

Hollings' argument fails for several reasons. First, and most importantly, the portion of the regulation that Hollings cites applies only to children under 18 years of age; as such, it has no bearing on this case. Moreover, the cited portion does not prohibit an ALJ from considering childhood IQ scores; it merely sets guidelines for determining whether old IQ scores, in and of themselves, are valid indicators of current intellectual functioning. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

Second, in focusing on the ALJ's discussion of her childhood IQ scores, Hollings

fails to address the fact that she did not meet an additional requirement requisite to a

finding of mental disability under Listing 12.05B, namely, providing evidence that she

had significant deficits in adaptive functioning before the age of 22. *See* 20 C.F.R. § Pt.

404, Subpt. P, App.1. Finally, the ALJ did not solely rely on Hollings' old IQ scores in

discounting Dr. Everette's opinion and testing; indeed, the ALJ permissibly relied on

other pertinent considerations, including the opinion's inconsistency with other record

evidence, Hollings' relevant treatment history, and Dr Everette's lack of a significant

treating relationship with Hollings. *See* 20 C.F.R. § 416.927(c)(2). Moreover, the ALJ

cited Dr. Everette's failure to estimate the validity of the relevant IQ score and address

its inconsistencies with the remainder of the record. *See* 20 C.F.R. Pt. 404, Subpt. P,

App. 1.

Contrary to Hollings' assertions, the ALJ was permitted to consider childhood IQ

scores in determining whether Hollings was intellectually disabled under Listing 12.05B.

*See Dragon v. Comm'r of Soc. Sec.*, 470 F.App'x 454, 460-61 & n.2 (6th Cir. 2012).

Hollings ultimately had to demonstrate "[a] valid verbal, performance, or full scale IQ of

59 or less" and onset of the disabling impairment before age 22. 20 C.F.R. Pt. 404,

Subpt. P, App 1. The ALJ supportably determined that she failed to do so.

Given the above, Magistrate Judge Morris did not err in finding that the ALJ

properly discounted Dr. Everette's opinion.

**B. Hollings' Second Objection is Rejected; the ALJ's credibility determination was supported by substantial evidence.**

Hollings argues that Magistrate Judge Morris erred in finding that the ALJ's credibility determination was supported by substantial evidence. Hollings' argument in support of this objection consists of three points. Hollings says that the ALJ impermissibly: (1) examined her character; (2) considered her attempts to find work; and (3) faulted her for not having "significant longitudinal treatment history for more than a year, from March 30, 2015, through the date of this decision." Hollings' argument fails on all three points.

In her decision, the ALJ found that Hollings' statements regarding the disabling effects of her symptoms were not supported by the record. This determination played a role in the ALJ's Residual Functional Capacity assessment.

An ALJ's credibility determinations should not be disturbed "absent compelling reason." *See Smith v.* Halter, 307 F.3d 377, 379 (6th Cir. 2001). "[A]n ALJ's credibility determinations about the claimant are to be given great weight." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007). While an ALJ's credibility determinations are given great deference, those determinations must be supported by the record in the case. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Hollings cites SSR 16-3p, which mandates that character not be considered in an evaluation of a claimant's subjective symptoms. SSR 16-3p, 2017 WL 5180304. The regulation also removes the word "credibility" from the analysis. *Id.*

Hollings says that the ALJ impermissibly considered her character in evaluating her subjective symptoms. However, Hollings raises this argument for the first time in her objection; as such, the Court will not consider it. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.") Moreover, to the extent the Commissioner mentioned SSR 16-3p in her motion for summary judgment, it was to ensure the application of the proper regulation, not to assert that the ALJ did not examine character, as Hollings suggests. Thus, the Commissioner did not open the door to Hollings' character argument.

Addressing Hollings' second point, the ALJ properly considered Hollings' attempts to find employment in evaluating her subjective symptoms. Hollings argues that the ALJ erred in using her desire to work "against her"; she is simply wrong. First, SSR 16-3p provides that the ALJ must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms…." SSR 16-3p, 2017 WL 5180304. Moreover, the ALJ did not use Hollings' desire to work against her, but simply noted the inconsistency inherent in holding oneself out as being able to work while also claiming an inability to work due to disability. *See Workman v. Comm'r of Soc. Sec.*, 105 F.App'x 794, 801 (6th Cir. 2004) ("Applications for unemployment and disability benefits are inherently inconsistent.").

Finally, the ALJ properly considered that Hollings failed to seek treatment for her disability for more than a year. Hollings says that her primary condition, her learning disability, is not amenable to treatment. As such, she argues that her failure to seek

treatment should not have been considered in evaluating her symptoms. Hollings' argument misses the mark, however, because she fails to address her other mental impairments, including bipolar disorder and depression; in fact, the medical record clearly shows that when Hollings did receive treatment for those impairments, her overall mental condition improved greatly.

The ALJ was permitted to consider Hollings' treatment history in evaluating the severity of her symptoms; moreover, the ALJ properly considered the rest of the record evidence. *See* 20 C.F.R. § 404.1529(c)(3)(v).

Magistrate Judge Morris did not err.

## III. CONCLUSION

Magistrate Judge Morris thoroughly lays out the facts, relevant portions of the administrative record, and the procedural history of the case in her R&R. In considering the record, Magistrate Judge Morris applies relevant case law and gives well-reasoned explanations for her conclusions. Neither of Hollings' objections has merit.

Accordingly, the Court **ADOPTS** Magistrate Judge Morris' Report and Recommendation. The Commissioner's Motion for Summary Judgment is **GRANTED**; Hollings' Motion for Summary Judgment is **DENIED**. The decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 25, 2018